IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **MARIA D. CONTRERAS,** *as Representative of the* **ESTATE OF GERARDO CONTRERAS; and JOSE A. CONTRERAS** § § § § § | |
| v. § § | **CIVIL ACTION NO: 2:19-cv-00133** <br> **JURY TRIAL** |
| **CITY OF CORPUS CHRISTI, TEXAS;** <br> **PEDRO YBARRA,** *Individually*; <br> **LONNIE JACKSON,** *Individually*; <br> **PHILIP MARTINEZ,** *Individually*; <br> **JERRY LOCKHART,** *Individually*; <br> **DANA ROBBINS,** *Individually*; <br> **JOHN/JANE DOE #6,** *Individually*; <br> **JOHN/JANE DOE #7,** *Individually*; and <br> **JOHN/JANE DOE #8,** *Individually* § § § § § § § § § | |

**PLAINTIFFS' THIRD AMENDED ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

**NOW COME** Plaintiffs, Maria D. Contreras, *as Representative of the* Estate of Gerardo Contreras, and Jose A. Contreras, filing this, their *Plaintiffs' Third Amended Original Complaint*, and bringing this action against the City of Corpus Christi, Texas, *et al.*, as said Defendants have denied Plaintiffs' (and/or the late Gerardo Contreras') rights guaranteed by the Constitution and laws of the United States of America.

**JURISDICTION AND VENUE**

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. §1343(3) (civil rights). This court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear the state claims that will be set forth in this complaint. Venue is proper in the Southern District of Texas, Corpus Christi Division, as this is the district where the claim arose

in accordance with 29 U.S.C. §1391(b).

## PARTIES

2.     Plaintiff Maria D. Contreras (hereinafter "Ms. Contreras"), who brings this suit on behalf of the Estate of her brother, Gerardo Contreras (hereinafter "Gerardo"), is a resident of Corpus Christi, Texas.

3.     Plaintiff Jose A. Contreras (hereinafter "Mr. Contreras") who brings this suit on his own behalf and as the father of Gerardo, is a resident of Corpus Christi, Texas.

4.     Defendant City of Corpus Christi, Texas (hereinafter "Defendant City of Corpus Christi" or "Defendant City"), is a political subdivision of the State of Texas, has previously waived service and filed an appearance herein.

5.     Defendant Pedro Ybarra (hereinafter "Ybarra" or as one of the many "Defendants" when mentioned in group fashion) was, at all times material to this suit, an officer employed by the CORPUS CHRISTI POLICE DEPARTMENT.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law and during his/her employment with the CORPUS CHRISTI POLICE DEPARTMENT.  Defendant has previously waived service and filed an appearance herein.

6.     Defendant Lonnie Jackson (hereinafter "Jackson" or as one of the many "Defendants" when mentioned in group fashion) was, at all times material to this suit, an officer employed by the CORPUS CHRISTI POLICE DEPARTMENT.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law and during his/her employment with the CORPUS CHRISTI POLICE DEPARTMENT.  Defendant has previously waived service and filed an appearance herein.

7.      Defendant Phillip Martinez (hereinafter "Martinez" or as one of the many "Defendants" when mentioned in group fashion) was, at all times material to this suit, an officer employed by the CORPUS CHRISTI POLICE DEPARTMENT. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law and during his/her employment with the CORPUS CHRISTI POLICE DEPARTMENT. Defendant has previously waived service and filed an appearance herein.

8.      Defendant Jerry Lockhart (hereinafter "Lockhart" or as one of the many "Defendants" when mentioned in group fashion) was, at all times material to this suit, an officer employed by the CORPUS CHRISTI POLICE DEPARTMENT. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law and during his/her employment with the CORPUS CHRISTI POLICE DEPARTMENT. Defendant has previously waived service and filed an appearance herein.

9.      Defendant Dana Robbins (hereinafter "Robbins" or as one of the many "Defendants" when mentioned in group fashion) was, at all times material to this suit, an officer employed by the CORPUS CHRISTI POLICE DEPARTMENT. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law and during his/her employment with the CORPUS CHRISTI POLICE DEPARTMENT. Defendant has previously waived service and filed an appearance herein.

10.     Defendant John/Jane Doe #1 was, at all times material to this suit, an officer employed by the CORPUS CHRISTI POLICE DEPARTMENT. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law and during his/her employment with the CORPUS CHRISTI POLICE DEPARTMENT. Once identification is made as to the name of Defendant, Defendant can be served with summons at Defendant's place of employment, CORPUS

CHRISTI POLICE DEPARTMENT, AT 321 John Sartain Street, Corpus Christi, Texas 78401.

11. Defendant John/Jane Doe #2 was, at all times material to this suit, an officer employed by the CORPUS CHRISTI POLICE DEPARTMENT. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law and during his/her employment with the CORPUS CHRISTI POLICE DEPARTMENT. Once identification is made as to the name of Defendant, Defendant can be served with summons at Defendant's place of employment, CORPUS CHRISTI POLICE DEPARTMENT, AT 321 John Sartain Street, Corpus Christi, Texas 78401.

12. Defendant John/Jane Doe #3 was, at all times material to this suit, an officer employed by the CORPUS CHRISTI POLICE DEPARTMENT. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law and during his/her employment with the CORPUS CHRISTI POLICE DEPARTMENT. Once identification is made as to the name of Defendant, Defendant can be served with summons at Defendant's place of employment, CORPUS CHRISTI POLICE DEPARTMENT, AT 321 John Sartain Street, Corpus Christi, Texas 78401.

## FACTS

13. At approximately 3:00 a.m. on or about the evening of March 22, 2018, Gerardo exited the home where he was residing on Masterson Street in Corpus Christi, Texas. For whatever reason, Gerardo – after ringing and/or knocking on the very house he just exited from and in a very disoriented state – crossed the street to a neighbor's house, gasping and stumbling as he arrived at the front door. Gerardo then proceeded to ring the neighbor's doorbell, repeatedly asking for help and for the neighbor to call the police before Gerardo collapsed, gasping and waiting for the police to arrive.

14. Thereafter, one of the Defendants (an "FTO") and one of the Defendants (a "trainee") arrived at the scene to find 5'1" Gerardo crouched in the corner of the neighbor's porch. With their

4

flashlights and a stun gun trained on Gerardo, the officers demanded that Gerardo lay down. In response, Gerardo – who was in an obviously confused state and displaying signs of mental illness and impairment – requested the officers show him their badges to confirm their identity and told them that he was scared. Ignoring such, the officers immediately responded to Gerardo by telling him that if he did not lay down, he was going to be stunned.

15. One of the Defendants then contacted his/her supervisor and instructed Gerardo that he/she is about to use a stun gun on him and handed the stun gun to the other as he/she then proceeded to detain Gerardo. Confused and continuously shouting, Gerardo does offer some resistance to such unnecessary force. The Trainee then stuns Gerardo twice in his back while the other continued to detain Gerardo. At this point, another Defendant arrived, secured Gerado in handcuffs and began to pull/move Gerardo away from the corner of the porch. At this point, yet another officer arrived and without warning but to his fellow officers, began violently kicking Gerardo in the head, causing Gerardo's head to bounce off the pavement. Gerardo then yelled out and begged for help before being kicked yet again, causing him to lose consciousness.

16. Thereafter, the officers drug Gerardo's unconscious body away from the corner of the front door to the driveway, with one of the Defendants exclaiming "I got him . . . I got him good!" to the resounding and raucous laughter of all.  At some point, the neighbor (who just happens to be an emergency room doctor) became concerned and asked offers to assist/treat Gerardo. In response, one of the Defendants says – despite the fact that the neighbor is the only person that has expressed any desire to help Gerardo – that is not necessary as Gerardo was "going to die anyway."

17. As a result of the above-described actions/inactions, Gerardo sustained numerous injuries and died.

5

18. Plaintiffs are informed and believe, and thereupon allege that in committing said acts and/or omissions, the individual Defendants were the agents and/or employees of Defendant City, and were acting within such agency and employment, as well as, under color of state law.

19. Moreover, the acts of the individual Defendants amount to an excessive and/or unnecessary use of force. Said excessive/unnecessary use of force is objectively unreasonable as no reasonable law enforcement officer given the same or similar circumstances would have initiated such a brutal and life-threatening attack on any person in the position of Gerardo, who was actually the person who requested the police help him and was in obvious distress.

20. At all pertinent times, Defendants City of Corpus Christi and/or Corpus Christi Police Department authorized and/or ratified the wrongful and tortious acts and/or omissions described herein.

## **FIRST CLAIM FOR RELIEF - - §1983**

21. The Civil Rights of 1871, now codified as 42 U.S.C.S. §1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.S. §1983.

22. The state action requirement for standing under 42 U.S.C.S. §1983 has more commonly been referred to as "color of state law," from the statute itself. Plaintiffs are informed and believe, and thereupon allege that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

6

23.     42 U.S.C.S. §1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States As such, Plaintiffs allege that Defendants, jointly and/or severally deprived Gerardo (and/or them) of his Fourth and/or Fourteenth (both as to applicability to States and based on substantive due process) Amendment rights and those rights, privileges, and immunities secured by the Constitution incorporated and applied to the states through the Fourteenth Amendment.  Defendants violated this provision by the following actions and/or omissions:

   a) by using excessive force and/or deadly force in the course of Defendants' attempted custody of Gerardo, in violation of the Fourth Amendment and its "reasonableness" standard. Plaintiffs therefore plead that Gerardo was unlawfully restrained by use of excessive force. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable;

   b) in creating a danger, which otherwise would not have existed, but for the conduct of Defendants, and which made more likely the opportunity of harm to occur to Gerardo;

   c) by failing to intervene, where such intervention would have prevented the violations and/or injuries of Gerardo;

   d) by failing to provide supervision and/or proper training, where the necessity of same was necessary, required by law, and/or needed; and

   e) by ignoring Gerardo's serious medical needs.

24.     Defendants' actions and/or omissions were "objectively unreasonable" in light of the facts and circumstances confronting them without regard to their underlying intent or motivation. Clearly, careful attention to the facts and circumstances of this particular case demonstrates the unreasonableness of Defendants' actions.  In light of the facts surrounding this case, it is initially absurd that Defendants would deem force was warranted and/or required. Furthermore, Gerardo never posed an immediate threat to the safety of Defendants. For these and other reasons, it was objectively unreasonable for Defendants to use such force upon Gerardo.

25. Plaintiffs plead that Defendants used excessive force and/or deadly force in the course of the officers' restraint and/or other "seizure" of a free citizen, such as Gerardo, in violation of the Fourth Amendment and its "reasonableness" standard. Plaintiffs therefore plead that Gerardo was unlawfully and physically assaulted by the individual Defendants. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable.

26. Under §1983, Defendant City of Corpus Christi is also liable for failing to supervise and/or failing to train, and/or acquiescence in unconstitutional behavior by subordinates. First, Defendant City of Corpus Christi failed to properly train and failed to properly supervise its officers. Defendant City of Corpus Christi is liable under §1983, as there is a causal connection between its actions and/or omissions and the alleged constitutional violations, as outlined throughout this entire pleading. In addition, Defendant City of Corpus Christi did not discipline the individual Defendants for their conduct, thereby sanctioning their actions, amounting to a departmental policy that violated Gerardo's civil rights. Defendant City of Corpus Christi's failure to supervise or train amounted to gross negligence and/or deliberate indifference.

27. It is also well-established that municipalities are liable under 42 U.S.C.S. §1983 for constitutional torts that are in-compliance-with their customs, practices, policies or procedures. A municipality is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision- making channels. In this case, Defendant City of Corpus Christi is liable because it sanctioned the custom, practice and/or policy or procedures of, *inter alia*, 1) using excessive, and often times deadly force, to effectuate what are otherwise routine arrests, 2) using deadly force when such is not necessary and/or allowable, 3) ignoring the serious need for training and supervision of their officers in

8

regards to the use of force, 4) failing to discipline those persons whom are found to have engaged in the use of excessive force upon those entrusted to their care and/or under their control, 5) failing to adequately supervise and/or observe their employees and/or officers including reservist, 6) failing to provide adequate training in regard to the availability of alternative means of detaining persons apart from the use of force and/or deadly force, and 7) failing to impose proper and sufficient policies and/or procedures as to the use of force and/or the treatment of the mentally ill and/or their requiring of medical attention. Such policy and/or customs were the "moving force" behind the constitutional violation (excessive force) exacted upon Gerardo and was the "cause in fact" of his injuries and, ultimately, his death. Plaintiffs allege, inter alia:

- A continuing and pervasive pattern of civil rights abuses by the City of Corpus Christi police officers against persons who live within the City.

- The deliberate indifference of the City of Corpus Christi in failing to adequately train, supervise and discipline police officers.

- A continuing pattern of civil rights abuses . . . that results from Defendant City's deliberate conduct in establishing policy and custom that encourages and acquiesces in Fourth and Fourteenth Amendment rights violations.

- Individual Defendants' failure to stand ready to provide emergency medical care when faced with substantial likelihood of injuries, were the direct result of the City of Corpus Christi's unwritten custom and/or policy of allowing their officers to abandon the written City policies at their unilateral discretion. As a result of Defendant City of Corpus Christi's unwritten policies and customs, deliberate indifference, deliberate conduct as described above, the City is the moving force behind the individual Defendant officers' act of using excessive force to restrain and killing Gerardo.

- Policies, practices and customs of Defendant City, that allowed the individual Defendants to use excessive force against citizens, and to subject persons to outrageous, unreasonable and inhuman treatment that leads to serious injury and death.

- Defendant City failed to discipline any of the individual Defendant officers who aggressively restrained Gerardo when he refused medical treatment. Defendant City of Corpus Christi's refusal to discipline the officers effectively acted to ratify

9

    the conduct, and further evidences the existence of preexisting policy and custom of allowing officers to engage in such conduct.

28. The actions and/or inaction taken in this case was uncalled for and taken pursuant to the customary practices and/or policies or procedures that were sanctioned by all named entity Defendants. Liability for Defendant City of Corpus Christi is established under §1983 because the "turn a blind eye" approach to the use of excessive force is a persistent, widespread practice of the city employees – namely police officers – that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official policy. Defendant City of Corpus Christi had actual or constructive knowledge of each practice, custom, and/or policy or procedure and numerous prior incidents of such conduct and/or inaction as to establish accession to that custom by the policy makers. Defendant City of Corpus Christi's unspoken policies above reflect a decision that shows deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision. In the alternative, Defendant City of Corpus Christi is liable under §1983 for failing to adopt clear policies outlining the criteria for determining the need for, the availability of and/or the means by which to use force.

29. Moreover, Defendant City of Corpus Christi is liable for the inadequate training of their officers under §1983. Liability attaches to Defendant City of Corpus Christi because its failure to train amounts to deliberate indifference to the rights of the persons with whom officers come in contact.

30. Plaintiffs further alleges that Defendants, jointly and/or severally have violated Gerardo's Fourth Amendment rights when he was unreasonably and unlawfully detained.

31. The actions and/or inactions taken in this case were taken pursuant to the customary practices and/or policies or procedures that were sanctioned by Defendant City of Corpus Christi.

Case 2:19-cv-00133 Document 63-1 Filed on 04/14/20 in TXSD Page 11 of 14

Liability for Defendant City of Corpus Christi is established under §1983 because its "ignore all policies" attitude is a persistent, widespread practice of the county employees – namely deputies/officers – that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official policy. Defendant City of Corpus Christi had actual or constructive knowledge of each practice, custom, and/or policy or procedure and numerous prior incidents of such conduct and/or inaction as to establish accession to that custom by the policy makers. Defendant City of Corpus Christi's unspoken policies above is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision. In the alternative, Defendant City of Corpus Christi is liable under §1983 for failing to adopt clear policies outlining the criteria for determining, relaying and/or treating the medical (mental and otherwise) needs of inmates/detainees/arrestees.

32. Moreover, Defendant City of Corpus Christi is liable for the inadequate training of its deputies/officers under §1983. Liability attaches to Defendant City of Corpus Christi because its failure to train amounts to deliberate indifference to the rights of the persons with whom they come in contact.

## ADMINISTRATION OF ESTATE UNNECESSARY

33. As to the Estate of Gerardo, Plaintiffs hereby plead as follows:

 a) At the time of his death, Gerardo was not married;
 b) That the Estate had no debts and/or fewer than two debts;
 b) That Gerardo died intestate;
 c) That no administration is pending;
 d) That no administration was necessary;
 e) That no administration was desired by any interested party in the Estate;
 f) That Gerardo died without owning any real property; and
 g) That all interested parties entered into an agreement between themselves concerning the distribution of any estate property.

11

34. Based on such, the administration of the Estate of Gerardo Contreras was and is not necessary.

## DAMAGES

35. As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiffs (and/or the deceased Gerardo) have been caused to suffer general damages which include, but are not limited to, the following: both physical and emotional injury, pain and suffering, and emotional and mental distress, and shock, along with severe emotional distress, associated with the death of Gerardo.

36. Said injuries have caused Plaintiffs to incur special damages which include but are not limited to: funeral and burial expenses and the loss of companionship and/or support.

37. Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C.S. §1988, a prevailing party in a §1983 case is entitled to recover its attorney's fees. Hence, Plaintiffs further pray for all costs and attorney fees associated with bringing the present case to trial.

38. In addition, Plaintiffs pray for punitive damages against all individual defendants named herein. Punitive damages are designed to punish and deter persons such as Individual Defendants who have engaged in egregious wrongdoing. Punitive damages may be assessed under §1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs pray that upon trial upon the merits, Plaintiffs recover compensatory damages against Defendants, jointly and severally; that Plaintiffs also recover punitive damages against Individual Defendants in an amount to punish and/or deter and to make an example of those Defendants in order to prevent similar future conduct; and that Plaintiffs recover against each Defendant all reasonable and necessary attorney's fees, court costs

and expenses in regards to the present suit in litigation. Moreover, Plaintiffs pray for all prejudgment and post-judgment interest that can be assessed against the Defendants in the event of recovery; and that Plaintiffs recover against each Defendant any and all other general or specific relief to which they prove themselves justly entitled.

>Respectfully submitted,
>
>GALE LAW GROUP, PLLC
>711 N. Carancahua Street, Suite 514
>Corpus Christi, Texas 78401
>Mailing Address:
>P.O. Box 2591
>Corpus Christi, Texas 78403
>Telephone: (361) 808-4444
>Telecopier: (361) 232-4139
>
>By: /s/ Christopher J. Gale
>Christopher J. Gale
>Texas Bar No. 00793766
>Southern District Bar No. 27257
>Email: Chris@GaleLawGroup.com
>*Attorney-in-Charge for Plaintiffs*
>/s/ Amie Augenstein
>Amie Augenstein
>Texas Bar No. 24085184
>Southern District Bar No. 2236723
>Email: Amie@GaleLawGroup.com
>*Attorney for Plaintiffs*

### Demand for Jury Trial

Plaintiffs hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38(b).

### NOTICE OF ELECTRONIC FILING

The undersigned counsel hereby certifies that he has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Southern District of Texas on the 14th day of April, 2020.

>/s/ Christopher J. Gale
>Christopher J. Gale

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 14th day of April, 2020, the above and foregoing was sent to the following counsel of record by the means indicated below:

| | |
|---|---|
| Lilia K. Castro<br>Assistant City Attorney<br>City of Corpus Christi-Law Department<br>P. O. Box 9277<br>Corpus Christi, Texas 78469-9277 | *Via E-File Notification* |
| John B. Martinez<br>Marion M. Reilly<br>Jessica J. Pritchett<br>HILLIARD MARTINEZ GONZALES, LLP<br>719 South Shoreline Blvd.<br>Corpus Christi, Texas 78401 | *Via E-File Notification*<br>*Via E-File Notification*<br>*Via E-File Notification* |

                                               */s/ Christopher J. Gale*
                                               Christopher J. Gale