IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MARIA D. CONTRERAS,** *as Representative of the* **ESTATE OF GERARDO CONTRERAS; and JOSE A. CONTRERAS** *Plaintiffs,* | § § § § § § | |
| v. | § § | **CIVIL ACTION NO: 2:19-cv-00133** **JURY TRIAL** |
| **CITY OF CORPUS CHRISTI, TEXAS PEDRO YBARRA,** *Individually*; **LONNIE JACKSON,** *Individually*; **PHILIP MARTINEZ,** *Individually*; **JERRY LOCKHART,** *Individually*; **DANA ROBBINS,** *Individually*; **JOHN/JANE DOE #6,** *Individually*; **JOHN/JANE DOE #7, Individually; AND JOHN/JANE DOE #8, Individually** *Defendants* | § § § § § § § § § § | |

**DEFENDANTS' JOINT MOTION TO VACATE OCTOBER 8, 2020 ORDER AND JOINT MOTION FOR DISMISSAL AND JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c), 12(b)(1), (6), (7), AND 17(a)(3)**

TO THE HONORABLE JUDGE MORALES:

NOW COME, Defendants City of Corpus Christi, Texas and Defendant Officers Pedro Ybarra, Lonnie Jackson, Phillip Martinez, Jerry Lockhart and Dana Robbins in the above-entitled and numbered cause and file this their Joint Motion to Vacate the October 8, 2020 Order and Joint Motion to Dismiss and for Judgment on the Pleadings Pursuant to Federal Rules of Civil Procedure 12(c), 12(b)(1),(6),(7) and 17(a)(3). In support of same, Defendants would show this Honorable Court as follows:

## I.     NATURE AND STAGE OF THE PROCEEDING

1. This is a civil rights case filed against the Defendant City of Corpus Christi (hereinafter the "City") and individual Officer Defendants pursuant to 42 U.S.C. § 1983 asserting claims against the City and Officer Defendants for excessive force based on the passing of Gerardo Contreras after an incident on March 22, 2018 which led to an encounter with CCPD Officers. According to Plaintiffs' pleadings, Maria D. Contreras is the sister of Gerardo Contreras (deceased), and Jose A. Contreras (also deceased) is Gerardo Contreras' father.

2. Plaintiffs' Original Complaint filed on May 8, 2019, Plaintiffs' First Amended Complaint filed on November 22, 2019, Plaintiffs' Second Amended Complaint filed on December 30, 2019 and Plaintiffs' Third Amended Complaint filed on April 16, 2020 have continuously claimed that Plaintiff Maria D. Contreras brings the present lawsuit "individually and as Representative of the Estate of Gerardo Contreras." Additionally, Plaintiffs claimed, "[t]hat no administration was desired by any interested party in the Estate."

3. However, Defendants came to find out that Plaintiffs' counsel never represented the estate of Gerardo Contreras, which he later discovered had minor children. He only represented Gerardo's father, Jose A. Contreras. Plaintiffs' counsel acknowledged that he did not have legal capacity to proceed on behalf of the estate. In subsequent communications with Defendants, Plaintiff's counsel indicated that he intended to proceed only on the wrongful death claims of Jose A. Contreras for the loss of his son and did not intend to proceed on the survival claims for the estate as he did not have legal authority to file suit on behalf of the estate. However, Jose A. Contreras died on July 7, 2020,[1] and his wrongful death claims perished with him.

---

[1] Obituary of Jose A. Contreras, https://www.tributearchive.com/obituaries/17044669/Jose-A-Contreras (last accessed October 13, 2020). Plaintiff's counsel does not dispute that Jose A. Contreras died on July 7, 20202. Accordingly, the Court can take judicial notice of Jose A. Contreras' passing on July 7, 2020. Fed. R. Civ. P. 201.

*Defendants' Joint Motion to Vacate October 8, 2020 Order and Joint Motion to Dismiss and for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c), 12(b)(1),(6),(7) and 17(a)(3).*     2

4. Given counsel's statement that he intended to proceed only on the wrongful death claim of Jose A. Contreras, and the fact that he did not then and does not now represent the representative of the estate of Gerardo Contreras, Defendants would respectfully ask that this Court dismiss the action pursuant to Federal Rules of Civil Procedure 19(b) because joinder is not feasible, 17(3) due to lack of capacity, and 12(c) for failure to state a claim and lack of subject-matter jurisdiction. Plaintiffs' counsel does not represent a beneficiary of the estate under Texas law, and, even if he were to renege on his representation that he was going to proceed only on Jose A. Contreras' wrongful death claim, that claim is now fully extinguished. Appointing a representative of the estate in a suit that has not been blessed by any of the legal heirs would effectively allow plaintiffs' lawyers to preemptively file lawsuits on behalf of entities and individuals that they do not represent or have authority to file claims on behalf of and then, via court order, have that conduct sanctioned *ex post facto*, circumventing the law with respect to proper appointment of representatives of the estate and the ethical canons under which attorneys are expected to operate.

5. For additional perspective, this is not just a matter of one legal heir attempting to bring suit and asking the Court to join additional legal heirs. Here, Plaintiffs' counsel does not represent ANY of the legal heirs of Gerardo Contreras as Mr. Contreras was survived by children and none of the children are parties to this lawsuit. Tex. Estates Code Sec. 201.001. As such, there is absolutely ZERO legal authority under which plaintiffs can proceed on a claim on behalf of Gerardo Contreras' estate. Without a proper representative for the estate, those claims cannot proceed.

6. Further, the wrongful death claim of Jose A. Contreras (the only claim that Plaintiffs' counsel state he intended to prosecute) died with Jose A. Contreras, extinguishing any

right to relief under the wrongful death statute. *Carter v. Van Meter*, 495 S.W.2d 583, 586 (Tex. Civ. App. 1973) ("[T]he courts of [Texas] have consistently held that since the right of action conferred by the Wrongful Death statutes is personal and for the sole benefit of the named beneficiary that such cause of action ceases to exist upon the death of such beneficiary."). Accordingly, this case should be dismissed in its entirety.

## II. ARGUMENT AND AUTHORITIES

### A. Dismissal is Appropriate Under Federal Rules of Civil Procedure 17(a) and 19.

7. Plaintiffs misrepresented their capacity to represent the Estate of Gerardo Contreras in this matter, and the law in that respect is relatively straightforward: under Federal Rule 17(a), all actions shall be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17(a); *Delor v. Intercosmos Media Gp., Inc.,* 232 F.R.D. 562, 564 (E.D. La. 2005). Under Texas law, "[a] personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person." Tex. Civ. Prac. & Rem. Code Ann. § 71.021. "The survival cause of action is 'wholly derivative' of the deceased's rights, and the recoverable damages are those the decedent suffered while alive." *Estate of Howard*, 543 S.W.3d 397, 404 (Tex. App. 2018). "Generally only the estate's personal representative has the capacity to bring a survival claim." *Johnston v. Dexel*, 373 F. Supp. 3d 764, 784 (S.D. Tex. 2019) (internal citations and quotation marks omitted). "However, circumstances can exist when an heir may have standing to bring suit on behalf of the decedent's estate. **Heirs at law** can maintain a survival suit during the four-year period the law allows for instituting administration proceedings if they allege and prove that there is no administration pending and none necessary." *Shepherd v. Ledford*, 962 S.W.2d 28, 31–32 (Tex. 1998) (emphasis added).

8. Thus, only the estate of Gerardo Contreras or one of Gerardo Contreras' heirs would be a proper party to assert a survival action. Plaintiffs do not represent an heir of Gerardo Contreras, or the representative of Gerardo Contreras' estate. Accordingly, Plaintiffs cannot maintain their survival action, and that cause of action must be dismissed.

9. Rule 17(a) also provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest...." Fed. Rule Civ. P. 17(a). However, this provision has not been interpreted as providing carte blanche for the real party in interest to ratify or join an action or substitute as party plaintiff at any point. Rather, as the Fifth Circuit has observed and the Advisory Committee Notes state, "this provision was added 'simply in the interests of justice' and 'is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made.'" *Wieburg,* 272 F.3d at 308 (quoting Fed. R. Civ.P. 17(a) Advisory Committee Notes, 1966 Amendment).

10. "In accordance with the Advisory Committee's note, most courts have interpreted the last sentence of Rule 17(a) as being applicable only when the plaintiff brought the action in her own name **as the result of an understandable mistake, because the determination of the correct party to bring the action is difficult**." *Id.,* (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 20 (2d Cir. 1997)) (district court retains discretion to dismiss action where there was no reasonable basis for naming incorrect party); *Feist v. Consolidated Freightways Corp.,* 100 F. Supp. 2d 273, 276 *aff'd,* 216 F.3d 1075 (3d Cir. 2000) (Rule 17(a) should not be applied blindly to permit substitution of the real party in interest in every case. In order to substitute the trustee as the real party in interest, Plaintiff must first establish that

when he brought this action in his own name, he did so as the result of an honest and understandable mistake."); *Lans v. Gateway 2000, Inc.,* 84 F. Supp. 2d 112, 120 (D.D.C. 1999) ("it is appropriate to liberally grant leave to substitute a real party in interest when there has been an honest mistake in choosing the nominal plaintiff, meaning that determination of the proper party was somehow difficult at the time of the filing of the suit, or that the mistake is otherwise understandable."), *aff'd,* 252 F.3d 1320 (Fed. Cir. 2001) (other citations omitted) (emphasis added).

11.     Despite the passage of time, Plaintiffs here have done nothing to establish that their conduct was based upon an honest and understandable mistake, have done nothing to rectify the matter even though adequate time has passed, and have, in fact, continued to obfuscate the facts—Defendants requested that Plaintiffs' counsel inform the Court of the death of Jose A. Contreras numerous time over the past few months, which he assured Defendants' counsel he would, but never did. Simply stated, Plaintiffs simply cannot maintain that they brought this action on behalf of the estate due to an honest and understandable mistake because of the difficult in determining the correct party to bring the action, and that they moved within a reasonable time to correct the error. *Delor v. Intercosmos Media Gp., Inc.,* 232 F.R.D. 562, 567 (E.D. La. 2005). Rather, at some point during pendency of this litigation, Plaintiff's counsel learned of the minor children and failed to disclose that fact until the eve of settlement negotiations and continues to "hide behind the ball," by failing to inform the Court of the fact that Jose A. Contreras died over 2 months ago.

12.     Further, joinder is not feasible under the circumstances of this case and the case should not proceed in equity and good conscience. Fed. R. Civ. P. 19. Again, because no heirs to the estate or representative of the estate has ever been a part of this suit, and given counsel's representation that he intended to proceed only on the wrongful death claim of Jose A. Contreras, joinder is neither feasible nor appropriate.

**B.     Dismissal is Appropriate Under Federal Rules of Civil Procedure 12(b)(1), (6), (7), and 12(c).**

13.    Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's subject matter jurisdiction over a case. *Mentis El Paso, LLP v. Health Care Serv. Corp.*, 58 F. Supp. 3d 745, 749 (W.D. Tex. 2014). "The party asserting jurisdiction bears the burden of proof for a Rule 12(b)(1) motion to dismiss." *Id.* (citation omitted). Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." In evaluating a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2009). The court considers the complaint, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). "It is axiomatic that the United States may not be sued without its consent and the existence of such consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Federal courts are courts of limited [subject matter] jurisdiction," and as such there is no presumption that the court has jurisdiction. *Ziegler v. Champion Mortg. Co.*, 913 F.2d 228, 229. (5th Cir. 1990). The plaintiff bears the burden of proof on questions of subject-matter jurisdiction. *Menchaca v. Chrylser Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980), *cert. denied*, 449 U.S. 953 (1980). In a cause of action based on the Federal Tort Claims Act, the failure to exhaust administrative remedies is a matter of subject matter jurisdiction. 28 U.S.C. § 2675(a); *see also Frantz v. United States*, 29 F.3d 222, 224 (5th Cir. 1994).

      *i.     Under Texas law, Jose A. Contreras' wrongful death claim was extinguished upon his death.*

14.    Jose A. Contreras' wrongful death claims seeking to recover damages for the death

of his son were extinguished at the time of his death. Texas law is perfectly clear that wrongful death claims pass with the death of the decedent. "[T]he courts of [Texas] have consistently held that since the right of action conferred by the Wrongful Death statutes is personal and for the sole benefit of the named beneficiary that such cause of action ceases to exist upon the death of such beneficiary." *Carter v. Van Meter*, 495 S.W.2d 583, 586 (Tex. Civ. App. 1973); *see also Coffey v. Johnson*, 142 S.W.3d 414, 417 (Tex. App. 2004). As such, when a beneficiary dies before damages are awarded, that beneficiary's claims are extinguished. *Id.*

15. Here, Jose A. Contreras died on July 7, 2020. Plaintiffs do not dispute this fact—and have in fact discussed same with Defendants' counsel. Obituary of Jose A. Contreras, https://www.tributearchive.com/obituaries/17044669/Jose-A-Contreras (last accessed October 13, 2020). Nevertheless, even if Plaintiffs did dispute his death (which they do not appear to do), Jose A. Contreras' death is a fact of which this Court can take judicial notice under Federal Rule of Civil Procedure 201(a), as this is a fact that is generally known in the trial court's territorial jurisdiction (his obituary was public), and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Civ. P. 201. A public-records search also confirms Jose A. Contreras' death.

16. Dismissal is warranted because Jose A. Contreras' wrongful death claim does not survive his death.

### ii. *Maria D. Contreras is not a wrongful death beneficiary.*

17. If Plaintiffs were to now contend that Ms. Maria D. Contreras has a wrongful death claim, such a claim, though not pled, is nonetheless improper under Texas law. Texas' Wrongful Death Statute makes clear that the only individuals who can bring and benefit from a wrongful death action are the surviving spouse, children, and parents of the deceased:

>Sec. 71.004.  BENEFITTING FROM AND BRINGING ACTION.  (a)  An action to recover damages as provided by this subchapter is for the exclusive benefit of the surviving spouse, children, and parents of the deceased.
>
>(b)  The surviving spouse, children, and parents of the deceased may bring the action or one or more of those individuals may bring the action for the benefit of all.

Tex. Civ. Prac. & Rem. Code §71.004(1)-(b).

18.     Ms. Contreras, as the sister of the decedent, is not entitled to bring a wrongful death claim nor is she a wrongful death beneficiary. Thus, this claim must be dismissed.

### III.     CONCLUSION

19.     In conclusion, dismissal of this suit in its entirety is appropriate. Plaintiffs do not represent any of the heirs or representatives of the estate of Gerardo Contreras. Further, the only claim Plaintiffs' counsel stated he intended to pursue—the wrongful death claim of Jose A. Contreras—does not survive his death.

**WHEREFORE, PREMISES CONSIDERED**, Defendant City of Corpus Christi, Texas and Officer Defendants Pedro Ybarra, Lonnie Jackson, Phillip Martinez, Jerry Lockhart and Dana Robbins respectfully request that the October 8, 2020 Order be vacated and this action dismissed in its entirety under Federal Rules of Civil Procedure 12(c), 12(b)(1),(6),(7) and 17(a)(3)..

Respectfully submitted,

By: /s/ John B. Martinez
John B. Martinez
State Bar No. 24010212
Federal Bar No. 23612
Email: john@hmglawfirm.com

        Marion M. Reilly
        State Bar No. 24079195
        Federal ID No. 1357491
        Email: marion@hmglawfirm.com
        Jessica J. Pritchett
        State Bar No. 24102377
        Federal ID No. 3070422
        Email: jpritchett@hmglawfirm.com

        HILLIARD MARTINEZ GONZALES LLP
        719 S. Shoreline Blvd.
        Corpus Christi, Texas 78411
        Telephone: (361) 882-1612
        Facsimile: (361) 882-3015 [Fax]

        **ATTORNEY-IN-CHARGE FOR**
        **OFFICER DEFENDANTS**

By:    /s/ *Lilia K. Castro*
        Lilia K. Castro
        ASSISTANT CITY ATTORNEY
        State Bar I.D. No. 24072122
        Fed. I.D. No. 1419334
        CITY OF CORPUS CHRISTI
        LEGAL DEPARTMENT
        P.O. Box 9277
        Corpus Christi, Texas 78469-9277
        Telephone: (361) 826-3360
        Facsimile: (361) 826-3239
        Email: Liliac@cctexas.com

        **ATTORNEY-IN-CHARGE FOR**
        **CITY OF CORPUS CHRISTI**

## NOTICE OF ELECTRONIC FILING

The undersigned counsel hereby certifies that he has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Southern District of Texas on the 14th day of October, 2020.

*/s/ John B. Martinez*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of October, 2020, a true and correct copy of the foregoing was served upon the below named counsel by the means indicated below:

Christopher J. Gale                              *Via E-File Notification*
Amie Augenstein
GALE LAW GROUP, PLLC
711 N. Carancahua Street, Suite 514
Corpus Christi, Texas 78401

*/s/ John B. Martinez*